### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **FIFTH THIRD BANK, as the Successor** ) | **Case No.** _1:10-cv-278_____ |
| **Trustee of the Gallo Displays, Inc.** ) | |
| **Employee Savings Plan and Trust** ) | **(Judge** _Dlott_____**)** |
| **38 Fountain Square Plaza** ) | |
| **Cincinnati, Ohio 45263** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **-v-** ) | |
| ) | |
| **CW-GALLO, INC.** ) | |
| **1111 Superior Avenue, Suite 970** ) | |
| **Cleveland, Ohio 44114-2529** ) | |
| ) | |
| **Statutory Agent:** ) | |
| **Katy Speer** ) | **COMPLAINT** |
| **1111 Superior Avenue, Suite 970** ) | |
| **Cleveland, Ohio 44114-2529** ) | |
| ) | |
| **-and-** ) | |
| ) | |
| **CW-GALLO, LLC** ) | |
| **c/o Robert G. McCreary III and** ) | |
| **Katy Speer** ) | |
| **1111 Superior Avenue, Suite 970** ) | |
| **Cleveland, Ohio 44114-2529** ) | |
| ) | |
| **-and-** ) | |
| ) | |
| **NORTH STAR TRUST COMPANY, as the** ) | |
| **Predecessor Trustee of the Gallo Displays,** ) | |
| **Inc. Employee Stock Ownership and** ) | |
| **Savings Plan and Trust** ) | |
| **500 West Madison Street, Suite 3150** ) | |
| **Chicago, Illinois 60661** ) | |
| ) | |
| **Statutory Agent:** ) | |
| **Martin S. Edwards** ) | |
| **500 West Madison Street, Suite 3150** ) | |
| **Chicago, Illinois 60661** ) | |
| ) | |
| **-and-** ) | |

**KEYBANK, N.A.** )
**c/o Henry L. Meyer III, Chairman and** )
**Chief Executive Officer** )
**127 Public Square** )
**Cleveland, Ohio 44114** )
                                            )
       **Defendants.** )

   Plaintiff Fifth Third Bank ("Fifth Third"), in its capacity as trustee of the Gallo Displays, Inc. Employee Stock Ownership and Savings Plan and Trust, n/k/a Fifth Third Bank, as Trustee of the Gallo Displays, Inc. Employee Savings Plan and Trust (the "Gallo ESOP"), files this Complaint against Defendants, CW-Gallo, Incorporated ("CW-Gallo, Inc."), CW-Gallo, LLC, North Star Trust Company ("North Star Trust"), and KeyBank, N.A. ("KeyBank"), and states as follows:

## **INTRODUCTION**

   1.  Plaintiff Fifth Third brings this action pursuant to the Employee Retirement Income Security Act ("ERISA") §§ 502(a)(2)-(3), 29 U.S.C. §§ 1132(a)(2)-(3), in its representative capacity as the trustee and fiduciary of the Gallo ESOP seeking monetary damages and equitable relief under ERISA § 409(a), 29 U.S.C. § 1109(a), for losses sustained as a result of breaches of fiduciary duties by ERISA fiduciaries in violation of ERISA § 404(a), 29 U.S.C. § 1104(a), ERISA § 406(a)(1)(B), (D), 29 U.S.C. § 1106(a)(1)(B), (D), and ERISA § 406(b)(1)-(2), 29 U.S.C. § 1106(b)(1)-(2).

   2.  On August 29, 2008, Defendant CW-Gallo, Inc. acquired all outstanding shares of Gallo Displays, Inc. ("Gallo Displays"), an Ohio corporation, from the Gallo ESOP prior to the time Fifth Third became a successor trustee to the Gallo ESOP.

   3.  To effectuate the sale, Defendant CW-Gallo, Inc., and the Gallo ESOP negotiated and executed a Share Purchase Agreement (the "SPA"). Defendant North Star Trust, in its

capacity as the predecessor discretionary trustee of the Gallo ESOP, executed the SPA on behalf of the Gallo ESOP.

4.     Once the sale of Gallo Displays to CW-Gallo, Inc. was complete, CW-Gallo, Inc. became an ERISA fiduciary of the Gallo ESOP, as defined under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it gained "discretionary authority or discretionary responsibility in the administration" of the Gallo ESOP by virtue of its 100% ownership and control over Gallo Displays and its complete control over all the other Gallo ESOP fiduciaries.   In addition, CW-Gallo, Inc. has exercised and continues to exercise "discretionary authority or discretionary control respecting [the] management" of the Gallo ESOP.

5.     A most fundamental ERISA fiduciary duty, established by ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), is that a plan fiduciary may not act in any transaction involving the plan for its own account if the fiduciary's own interests are adverse to the interests of the plan or its participants.  In blatant and obvious disregard of this most basic ERISA fiduciary duty, by letter dated February 5, 2010 (the "Demand Letter"), attached to this Complaint as Exhibit A, and incorporated herein by reference, CW-Gallo, LLC, presumably representing the interests of CW-Gallo, Inc., demanded that the Gallo ESOP relinquish $1,000,000.00 that otherwise belongs (or would belong) to the plan and plan participants.  Nothing can be more adverse under ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2) than a fiduciary laying claim to the same funds that would otherwise belong to its plan.

6.     The claims made in the Demand Letter also constituted a breach of CW-Gallo, Inc.'s fiduciary duty to act solely in the interest of the Gallo ESOP participants and beneficiaries, pursuant to ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B).  Furthermore, those

claims also placed CW-Gallo, Inc. in breach of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1) by dealing with the assets of the plan for its own interest.

7.     Fifth Third, in its capacity as successor trustee of the Gallo ESOP, in reviewing the Demand Letter and the underlying transaction, which occurred before Fifth Third became successor trustee, became aware of other breaches of fiduciary duty in connection with the underlying transaction, which Fifth Third now seeks to remedy in accordance with its duties under ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3) (which requires a fiduciary upon obtaining knowledge of a breach of fiduciary duty by another fiduciary, to take reasonable efforts to remedy the breach).

8.     The cash and other consideration paid by CW-Gallo, Inc. to the Gallo ESOP to acquire the Gallo Displays stock under the SPA became an asset of the Gallo ESOP for the benefit of the Gallo ESOP employee-participants.

9.     The SPA required C-W Gallo, Inc. to place $1,100,000 of the SPA consideration, a plan asset, into an escrow account to indemnify C-W Gallo, Inc. if CW-Gallo, Inc. suffered any damages resulting from a breach of the representations and warranties that the Gallo ESOP made to CW-Gallo, Inc. in the SPA (the "Indemnity Escrow Amount").

10.     On August 29, 2008, Defendants CW-Gallo, Inc. and North Star Trust, on behalf of the Gallo ESOP, executed an Escrow Agreement wherein CW-Gallo, Inc. agreed to deposit $1,100,000 of consideration paid by CW Gallo, Inc. to the Gallo ESOP into the Indemnity Escrow Amount.  The Indemnity Escrow Amount was created to satisfy any claims for indemnity that were made by CW-Gallo, Inc. against the Gallo ESOP.

11.     Provided that C-W Gallo, Inc. did not make a claim against the Indemnity Escrow Amount within eighteen months after the date of the Escrow Agreement, that plan asset was to be disbursed to the Gallo ESOP.

12.     According to the Escrow Agreement, the Gallo ESOP was responsible for paying taxes on any interest earned on the plan assets in the Escrow Account.

13.     Both the SPA and the Escrow Agreement were negotiated and executed by North Star Trust, a fiduciary of the Gallo ESOP, with knowledge that a portion of the Stock Purchase Price, $1,100,000 in Gallo ESOP assets, would be diverted to an escrow fund and placed at risk of distribution to entities or individuals who were not Gallo ESOP participants or their beneficiaries.  Once diverted to an escrow fund, these assets would no longer be held in trust as required under ERISA § 403(a), 29 U.S.C. § 1103(a).  As a result, North Star Trust breached its fiduciary duties to the Gallo ESOP as set forth under ERISA § 404(a)(1)(A)-(B), 29 U.S.C. § 1104(a)(1)(A)-(B) and ERISA § 406(a)(1)(B), (D), 29 U.S.C. § 1106(a)(1)(B), (D).

14.     Furthermore, the Gallo ESOP's agreement to indemnify CW-Gallo, Inc., who upon acquiring Gallo Displays became a fiduciary of the Gallo ESOP, violates ERISA § 410(a), 29 U.S.C. § 1110(a).  By placing a contractual duty on the Gallo ESOP to indemnify CW-Gallo, Inc., the indemnification provision "purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under [ERISA]" and is "void as against public policy." ERISA § 410(a), 29 U.S.C. § 1110(a).

15.     In addition, Defendant KeyBank is a fiduciary of the Gallo ESOP because it exercises control over assets belonging to the Plan pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)(i).  ERISA § 403(a), 29 U.S.C. § 1103(a) provides that "all assets of an employee benefit plan shall be held in trust by one or more trustees."  Defendant KeyBank continues to

hold the assets of the Gallo ESOP in escrow, outside of a trust, and for the benefit of CW-Gallo, Inc. in violation of its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, and in violation of Section 3(B) of the Escrow Agreement.

16.     Pursuant to its duties as a fiduciary of the Gallo ESOP, Fifth Third seeks recovery for any losses to the Gallo ESOP that result from Defendants CW-Gallo, Inc., North Star Trust, and KeyBank's breaches of their fiduciary duties to the Gallo ESOP in accordance with ERISA § 409, 29 U.S.C. § 1109.

17.     Fifth Third also seeks relief under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) to "enjoin any act or practice which violates any provision of this title or terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or terms of the plan."

18.     Additionally, Plaintiff Fifth Third seeks a declaratory judgment from this Court, under 28 U.S.C. §§ 2201 and 2202, to generally determine the parties' rights under the Escrow Agreement, and to specifically declare that the escrow funds are Gallo ESOP assets that must be released to the Gallo ESOP for the benefit of the Gallo ESOP participants.

19.     Furthermore, Defendant KeyBank, must be enjoined from releasing assets of the Gallo ESOP to either CW-Gallo, LLC or CW-Gallo, Inc. because (1) the entity CW-Gallo, LLC is not a party to the Escrow Agreement, and is not entitled to the Indemnity Escrow Amount; and/or (2) releasing the Gallo ESOP's assets directly to CW-Gallo, Inc., an ERISA fiduciary, or to CW-Gallo, LLC for the benefit of CW-Gallo, Inc., is a prohibited transaction under ERISA § 406, 29 U.S.C. § 1106; and/or (3) CW-Gallo, Inc. did not provide written notice to KeyBank of any unresolved claims for indemnification prior to the Escrow Account Disbursement Date, as

required under Section 3(b) of the Escrow Agreement, and the Gallo ESOP should have therefore received the Indemnity Escrow Amount.

20.     Assets belonging to the Gallo ESOP are in jeopardy of being improperly disbursed to a non party to the Escrow Agreement, and/or a fiduciary of the Gallo ESOP, and are being held in breach of Section 3(b) of the Escrow Agreement.  Because a real and justiciable controversy exists between the litigants within this Court's jurisdiction, Plaintiff Fifth Third, as trustee of the Gallo ESOP, seeks a declaration of the parties' rights under the Escrow Agreement.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction pursuant to ERISA, § 502(e)(1), 29 U.S.C. § 1132(e)(1), which grants exclusive jurisdiction to District Courts of the United States over civil actions brought by a fiduciary that arise under ERISA, 29 U.S.C. § 1101, et. seq.  In addition, this Court has "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

22.     This Court has personal jurisdiction over the Defendants because, among other things, each Defendant has (a) purposefully committed, within the state of Ohio, the acts from which these claims arise and/or has committed unlawful acts outside the state of Ohio, knowing that such acts would cause injury in Ohio; (b) transacted business in Ohio; and/or (c) contracted for goods and/or services in the state of Ohio.  This Court also has personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(1)(A) because each Defendant would be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Moreover, ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) permits nationwide service of process.  Because the Defendants are residents of the United States, this Court may exercise personal jurisdiction over them.

23.     Venue is also proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Gallo ESOP is and was administered in this district, and/or some or all of the fiduciary breaches for which relief is sought occurred in this district, and/or some Defendants reside or may be found in this district.

## PARTIES

24.     Plaintiff incorporates the above allegations as if fully set forth herein.

25.     Plaintiff Fifth Third Bank is an Ohio banking corporation located at 38 Fountain Square Plaza, Cincinnati, Ohio 45263, and is an independent discretionary trustee of the Gallo ESOP.  Fifth Third was appointed to be the Gallo ESOP trustee on September 17, 2008, effective September 16, 2008.   Pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), Fifth Third is a fiduciary of the Gallo ESOP.

26.     Upon information and belief, Defendant CW-Gallo, Inc. is an Ohio corporation located at 1111 Superior Avenue, Suite 970, Cleveland, Ohio, 44114.  Defendant CW-Gallo, Inc. owns and controls 100% of the stock of Gallo Displays, and is the owner of Gallo Displays. CW-Gallo, Inc. purchased Gallo Displays from the Gallo ESOP on August 28, 2009, via the SPA.  Pursuant to section 3.3.2(a) of the SPA, CW-Gallo, Inc. and the Gallo ESOP executed an Escrow Agreement that improperly designated a portion of the purchase price, an ESOP Plan asset, due and owing to the Gallo ESOP to an Escrow Account.

27.     Upon information and belief, Defendant CW-Gallo, LLC, either does not exist or is an entity controlled by CW-Gallo, Inc., and/or is the alter ego of CW-Gallo, Inc.  If it exists, it is located at 1111 Superior Avenue, Suite 970, Cleveland, Ohio, 44114.

28.     Upon information and belief, Defendant North Star Trust is an Illinois corporation located at 500 West Main Street, Suite 3150, Chicago, Illinois, 60661.  Defendant North Star Trust is the Gallo ESOP's predecessor independent discretionary trustee who executed the SPA

and the Escrow Agreement on behalf of the Gallo ESOP. North Star Trust's term as the discretionary trustee ended when it was succeeded by Fifth Third on September 16, 2008.

29.     Upon information and belief, Defendant KeyBank, N.A. is a national banking corporation located at 127 Public Square, Cleveland, Ohio 44114, and is the Escrow Agent designated in the Escrow Agreement.

30.     At the times relevant to this Complaint, the Gallo ESOP was an employee benefit plan that was established for the benefit of the employees of Gallo Displays, Inc. and their beneficiaries. The Gallo ESOP has two components: a discretionary employer contribution component, and a 401(k) component. The original effective date of the Gallo ESOP was March 29, 1996, and it was last amended on April 1, 2009. The most recent version of the Gallo ESOP plan document, the 2007 Restatement of the Gallo ESOP (the "Plan"), is attached as Exhibit B, and incorporated herein by reference. The Gallo ESOP is governed by ERISA, 29 U.S.C. § 1101, et. seq.

31.     Gallo Displays is a marketing communications company that was the plan administrator, as defined in ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

## FACTUAL ALLEGATIONS

**A.     CW-Gallo, Inc. and the Gallo ESOP Execute the Share Purchase Agreement**

32.     On August, 29, 2008, CW-Gallo, Inc. and the Gallo ESOP entered into the SPA. Pursuant to the SPA, CW-Gallo, Inc. purchased all of the outstanding shares of Gallo Displays' capital stock from the Gallo ESOP. In exchange for selling Gallo Displays' stock, its primary asset, the Gallo ESOP received cash consideration from CW Gallo, Inc. in the approximate amount of $ 11 million (the "ESOP Cash Assets"). The SPA is attached as Exhibit C, and incorporated herein by reference.

33.     North Star Trust executed the SPA on behalf of the Gallo ESOP in its representative capacity as the independent discretionary trustee of the Gallo ESOP.  Because North Star Trust had "discretionary authority or discretionary responsibility in the administration of such plan," exercised "discretionary authority or discretionary control respecting management of such plan," and exercised "authority or control respecting management or disposition of its assets," North Star Trust was a plan fiduciary as defined under ERISA § 3(21)(A), 29 U.S.C. § (21)(A)(i), (iii).

34.     In Article 4 of the SPA titled "Representations and Warranties of the ESOP," North Star Trust and the Gallo ESOP made certain representations and warranties to CW-Gallo, Inc., and assured CW-Gallo, Inc. that the statements made were "true and correct, except as set forth in the specific Disclosure Schedule that relates to the subject matter."

35.     The SPA imposed a contractual duty on the Gallo ESOP to indemnify certain ERISA fiduciaries and parties in interest, and thereby placed the assets of the Gallo ESOP at risk. For example, Article 8 of the SPA titled "Indemnification" set forth the terms and conditions under which the Gallo ESOP would be responsible for indemnifying CW-Gallo, Inc., a post-transaction ERISA fiduciary, with all or a portion of the ESOP Cash Assets.

36.     Article 8.1 of the SPA titled "Indemnification by the ESOP" provides:

(a)  Subject to the limitations contained in this Agreement, the [Gallo] ESOP shall indemnify and hold harmless Buyer and its shareholders, directors, officers, employees, agents, representatives, Affiliates, successors and permitted assigns (the "Buyer Group") from and against any and all Damages suffered by any member of the Buyer Group resulting from, arising out of, or incurred with respect to: (i) any breach of or inaccuracy in any representation or warranty of the ESOP contained in this Agreement; (ii) any breach of or failure to perform any covenant or agreement made by the ESOP in this Agreement; (iii) any unpaid Selling Expense (to the extent not paid pursuant to Section 3.3.2); (iv) any claim for the payment of any Tax arising out of the ownership or operation of Gallo prior to the Closing Date; (v) notwithstanding any disclosure made in the Disclosure Schedules, any cost and expense (to the extent not accrued for in the

Final Adjustment Statement) relating to, or Damages arising out of (including, but not limited to, penalties imposed by the Department of Labor), the DOL Examination, (vi) the ongoing maintenance, operation and/or administration of the ESOP following the Closing Date (including all fees and expenses payable to any independent trustee thereof), to the extent not accrued for in the Final Adjustment Statement, and (vii) notwithstanding any disclosure made in the Disclosure Schedules or otherwise known to [CW-Gallo], any Damages based upon, resulting from ,arising from, caused by or related to any condition, fact or matter identified on Schedule 8.1 (vii).

37. To satisfy the Gallo ESOP's agreement to indemnify CW-Gallo, Inc., the SPA provided for the creation of an Escrow Account under Section 3.3.2 titled "Other Closing Payments."  Under the SPA, the Escrow Account was to be funded with ESOP Cash Assets. SPA Section 3.3.2(a) provides:

At the Closing, [CW-Gallo, Inc.] shall deliver by means of a wire transfer of immediately available funds: the Escrow Amount to KeyBank, N.A. (the "Escrow Agent") who shall hold the Escrow amount in a separate account (the "Escrow Account") pursuant to the terms of an escrow agreement (the "Escrow Agreement") to be executed on the Closing date by the [Gallo] ESOP, [CW-Gallo, Inc.] and the Escrow Agent, which account shall be maintained and distributed in accordance with the terms of the Escrow Agreement and shall not be considered assets of the [Gallo] ESOP until property distributed to the ESOP Account in accordance with this Agreement and the Escrow Agreement . . . .

### B. CW-Gallo, Inc., the Gallo ESOP, North Star Trust, and KeyBank Execute the Escrow Agreement

38. In accordance with 3.3.2(a) of the SPA, CW-Gallo, Inc., the Gallo ESOP, and KeyBank, as the Escrow Agent, executed the Escrow Agreement on August 29, 2008.  North Star Trust executed the Escrow Agreement on behalf of the Gallo ESOP in its capacity as the discretionary trustee.  The Escrow Agreement is attached as Exhibit D, and incorporated herein by reference.

39. Under the Escrow Agreement, CW-Gallo deposited $1,100,000.00 of ESOP Cash Assets, the Indemnity Escrow Amount, into an Escrow Account.  The purpose of the Indemnity

Escrow Amount was to indemnify CW-Gallo, Inc. using the $1,1000,00.00 in ESOP Cash Assets held in the Escrow Account if CW-Gallo, Inc. submitted a claim for indemnification against the Gallo ESOP within 18 months of the effective date of the Escrow Agreement.

40.     Because the Escrow Agreement provided that ESOP Cash Assets would be diverted to an Escrow Account, and would not be held in trust, the Escrow Agreement was in violation of ERISA § 403(a), 29 U.S.C. § 1103(a).

41.     As with the SPA, the Escrow Agreement imposed a contractual duty on the Gallo ESOP to indemnify ERISA fiduciaries and parties in interest with the ESOP Cash Assets, and placed the ESOP Cash Assets of the Gallo ESOP at risk of distribution to entities or individuals who were not Gallo ESOP participants or their beneficiaries.

42.     Section 3 of the Escrow Agreement titled "Distribution of Escrow Amount" provided that any funds remaining in the Indemnity Escrow Account 18 months after the Escrow Agreement was executed (provided that no unresolved Indemnification Claims were brought by C-W Gallo, Inc. against the Escrow Account), would be distributed to the Gallo ESOP. Specifically, Section 3(b) provides:

> (b)     On the date that is the eighteen (18) month anniversary of the date hereof (the "Indemnity Escrow Account Disbursement Date"), Escrow Agent shall disburse the remaining Indemnity Escrow Amount to the ESOP; provided, however, that if there is a Disputed Amount (as hereinafter defined), the Disputed Amount shall remain in the Escrow Account (until finally resolved pursuant to the terms of the Purchase Agreement and released in accordance with Section 3(d) hereof) and the amount of the payment from the Indemnity Escrow Amount on the Indemnity Escrow Amount Disbursement Date pursuant to this clause (b) shall be reduced by the amount of such Disputed Amount, but shall not be a negative number.  For purposes hereof, the term "Disputed Amount" shall mean the amount estimated by Buyer in good faith and communicated (as provided in Section 7 hereof) by Buyer in writing to both Escrow Agent and Seller prior to the Indemnity Escrow Account Disbursement Date or the conclusion of the DOL Examination, as applicable, for any unresolved Indemnification Claims brought by Buyer pursuant to Article 8 of the Purchase Agreement.

43. Section 5 of the Escrow agreement titled "Duties of Escrow Agent," establishes a number of circumstances under which the Gallo ESOP was responsible for indemnifying KeyBank, the Escrow Agent.  For example, Section 5(b) provides:

> Escrow Agent shall not be liable, except for its own gross negligence or willful misconduct and, except with respect to claims based upon such gross negligence or willful misconduct that are successfully asserted against Escrow Agent, Buyer on the one hand and the [Gallo] ESOP on the other hand shall indemnify and hold harmless Escrow Agent (and any successor Escrow Agent) from and against any and all losses, liabilities, claims, actions, damages and expenses, including reasonable attorneys' fees and disbursements, arising out of and in connection with this agreement.

44. Once KeyBank gained control over the assets of the plan, it became a fiduciary of the Gallo ESOP, as defined under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)(i).

45. Therefore, Section 5(b) seeks to improperly limit KeyBank's liability as a fiduciary of the Gallo ESOP.  So long as KeyBank does not engage in deliberate wrongful acts or gross negligence, it will be indemnified, even if it violates the prudent person standard of care under ERISA § 404(a)(1), 29 U.S.C. § 404(a)(1).  As such, this provision is in violation of ERISA § 410(a), 29 U.S.C. § 1110(a).

46.  As in Section 5(b), Section 5(i) requires that the ESOP Cash Assets will be used to indemnify the Escrow Agent for all reasonable expenses, disbursements, and advances incurred or made by KeyBank in the performance of its duties.

47. Because these indemnity provisions set forth in the Escrow Agreement purport to relieve KeyBank, an ERISA fiduciary, "from responsibility or liability for any responsibly, obligation, or duty under [ERISA]," the provisions are "void as against public policy" under ERISA § 410(a), 29 U.S.C. § 1110(a).

48.     The Escrow Agreement also set forth additional circumstances under which the Gallo ESOP was responsible for indemnifying CW-Gallo, Inc. with ESOP Cash Assets. Section 5(i) provides:

> The ESOP and Buyer each agree to indemnify the other, and their respective subsidiaries and affiliates for any and all liability, loss, damages, costs or expenses which the other may incur as a result of or in connection with the failure or refusal of the other party to satisfy its obligations hereunder.

49.     By executing the SPA and the Escrow Agreement with knowledge that the ESOP Cash Assets would be held outside of trust, in violation of ERISA § 403, 29 U.S.C. § 1103, and would be diverted to an escrow fund for the benefit of parties other than the participants and beneficiaries of the Gallo ESOP, North Star Trust breached the standard of care, and its duties of loyalty to the ESOP, as set forth in ERISA § 404(a)(1), 29 U.S.C. § 404(a)(1).

50.     Furthermore, North Star Trust executed these agreements knowing that these arrangements would cause the Gallo ESOP to be engaged in a transaction that resulted in the direct lending of assets belonging to the Gallo ESOP, and a direct transfer of the ESOP Cash Assets, in violation of ERISA § 406(a)(1)(B), (D), 29 U.S.C. § 1106(a)(1)(B), (D).

51.     Because North Star Trust caused the Gallo ESOP to be engaged in a prohibited transaction under ERISA § 406(a)(1)(B), (D), 29 U.S.C. § 1106(a)(1)(B), (D), it is in breach of its fiduciary duties under ERISA § 404(a), 29 U.S.C. § 404(a).

**C.      CW-Gallo, Inc. Becomes a Fiduciary of the Gallo ESOP**

52.     Gallo Displays is also the Employer, as that term is defined in Article II (s) of the Plan, and a plan sponsor under ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). Under Plan Article II (n)(n), at 12, Gallo Displays was designated as the plan administrator, and named fiduciary of the Gallo ESOP.

53.     As the Employer and Plan Administrator, Gallo Displays has the authority to appoint and remove discretionary and nondiscretionary trustees of the Gallo ESOP, and to appoint members to the Plan's Advisory Committee who are vested with the power to manage the Gallo ESOP's assets.

54.     Once the sale of Gallo Displays to CW-Gallo, Inc. was complete, CW-Gallo, Inc. became the sole owner of Gallo Displays through its acquisition of all outstanding shares of Gallo Displays' stock.

55.     Therefore, when CW-Gallo, Inc. became the owner of Gallo Displays, it gained "discretionary authority or discretionary responsibility in the administration of a plan" as a matter of law by virtue of its 100% ownership and control over Gallo Displays and its complete control over all the other Gallo ESOP fiduciaries.    ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)(iii).

56.     Since then, CW-Gallo Inc. principal Robert McCreary ("McCreary") has communicated to Fifth Third that he and/or the board of directors of CW-Gallo, Inc. have the authority to remove and appoint fiduciaries for the Gallo ESOP through their positions on and/or their control over the board of directors of Gallo Displays—the entity given power to appoint and remove fiduciaries under the Gallo ESOP plan documents.  These communications illustrate that CW-Gallo Inc., through its board of directors and/or McCreary, has "discretionary authority or discretionary responsibility in the administration" of the Gallo ESOP, and has exercised and continues to exercise "discretionary authority or discretionary control respecting management" of the Gallo ESOP.  ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

57.     Exercising CW-Gallo Inc.'s discretionary control over the management of the Gallo ESOP, McCreary convened a meeting of Gallo ESOP participants to reveal CW-Gallo

Inc.'s intention to gain possession and control of $1,000,000 of ESOP Cash Assets in the Indemnity Escrow Amount for its own benefit from KeyBank. McCreary convened this meeting without informing Fifth Third, the independent discretionary trustee of the Gallo ESOP. This meeting displayed and demonstrated CW-Gallo Inc.'s exercise of discretionary control over the management of the Gallo ESOP.

58. Consequently, CW-Gallo, Inc. is an ERISA fiduciary of the Gallo ESOP, as defined under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it has "discretionary authority in the administration" of the Gallo ESOP and exercises discretionary authority and discretionary control respecting the management of the Gallo ESOP.

**D.    The Gallo ESOP Receives the Demand Letter**

59. On February 5, 2010, the Gallo ESOP received the Demand Letter asserting allegations on behalf of CW-Gallo, Inc.

60. The Demand Letter includes the following allegations:

(a)    Shortly after the agreement was executed, W.L. Gore & Associates, Inc. ("Gore"), a company that was considered to be a "a signification source of annual revenue and earnings for Gallo," terminated its relationship with CW-Gallo, Inc.;

(b)    "An investigation into the termination by Gore revealed that, among other things, the ESOP knew yet failed to disclose as required by the Agreement that, inter alia: (1) Gore threatened to terminate its relationship with Gallo prior to the Closing; (2) Gore claimed that products assembled by Gallo were defective and improperly designed and/or manufactured; and (3) Gore sought and received compensation/reimbursement for their claims";

(c)    "Gallo improperly accounted for the compensation/reimbursement provided to Gore, which treatment effectively concealed Gore's claims for product defect, and, further, Gallo's concern that the Gore relationship was likely to be lost"; and

(d)    Post-closing, CW-Gallo, Inc. learned that "bonus payments were owed to various Gallo employees, which were not disclosed as required by 4.6(e) and 4.20 of the [SPA]."

61.     The Demand Letter also stated that "[t]he [Gallo ESOP]'s "failure to disclose this information as required by the express terms of the [SPA] and the accounting treatment of the Gore settlement constitute breaches of the ESOP's representations and warranties in Article 4 of the [SPA], including, without limitation, under Sections 4.5.1, 4.6, 4.7.1, 4.8, 4.13 and 4.17."

62.     Moreover, the Demand Letter also asserted that CW-Gallo is entitled to indemnification under Article 4.10 of the Agreement because "the Gallo ESOP did not disclose that it has been the subject of certain investigations by the Department of Labor, which . . . remain resolved."

63.     As a result of these alleged misrepresentations, the Demand Letter demanded "that the ESOP indemnify CW-Gallo for the significant losses, which are in excess of $1 million" and "that the ESOP direct the Escrow Agent to disburse $1 million of [the ESOP Cash Assets] to CW-Gallo."

## FIRST CLAIM FOR RELIEF
### (Breach of Fiduciary Duty Against Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC Under ERISA § 406(b)(1)-(2))

64.     Plaintiff incorporates the above allegations as if fully set forth herein.

65.     Once CW-Gallo, Inc. and/or CW-Gallo, LLC acquired Gallo Displays, it became a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), as set forth above.

66.     Under ERISA § 406(b)(1)-(2), 29 U.S.C. § 1106(b)(1)-(2), "a fiduciary shall not deal with the assets of the plan in his own interest or for his own account," and "a fiduciary shall not in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interest of the plan or the interest of its participants or beneficiaries."

67.    By submitting the Demand Letter to the Gallo ESOP seeking $1,000,000 in ESOP

Cash Assets that belong to the participants of the Gallo ESOP and their beneficiaries, CW-Gallo,

Inc. and/or CW-Gallo, LLC is engaging in self-dealing with plan assets, and a prohibited

transaction under ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

68.    Furthermore, by making a demand against the Gallo ESOP, CW-Gallo, Inc.

and/or CW-Gallo, LLC is engaging in a transaction where their interests are adverse to the best

interests of the Gallo ESOP, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

69.    As a direct and proximate result of CW-Gallo, Inc.'s and/or CW-Gallo, LLC's

breach of its fiduciary duties to the Gallo ESOP, Defendant CW-Gallo, Inc. and/or CW-Gallo,

LLC is responsible for restoring the losses to the Plan under ERISA § 409(a), 29 U.S.C.

§ 1109(a) that were caused by its breaches of fiduciary duties as alleged in this Complaint.  In

addition, Fifth Third and the Gallo ESOP are entitled to other equitable relief as appropriate.

70.    Fifth Third also seeks relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) to

enjoin CW-Gallo, Inc. and/or CW-Gallo, LLC from receiving the ESOP Cash Assets.

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty Against Defendant CW-Gallo, Inc.**
**and/or CW-Gallo, LLC Under ERISA § 404(a)(1))**

71.    Plaintiff incorporates the above allegations as if fully set forth herein.

72.    Once CW-Gallo, Inc. and/or CW-Gallo, LLC acquired Gallo Displays, it became

a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), as set forth

above.

73.    As a fiduciary of the Gallo ESOP, CW-Gallo, Inc. and/or CW-Gallo, LLC must

discharge their duties with respect to a plan solely in the interest of the participants and for the

exclusive purpose of providing benefits to participants and their beneficiaries as set forth in

ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

74.     By engaging in a prohibited transaction under ERISA § 406(b)(1)-(2), 29 U.S.C. § 1106(b)(1)-(2), CW-Gallo, Inc. and/or CW-Gallo, LLC is in breach of its fiduciary duties to the Gallo ESOP under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

75.     As a direct and proximate result of CW-Gallo, Inc.'s and/or CW-Gallo, LLC's breach of its fiduciary duties to the Gallo ESOP, Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC is responsible for restoring the losses to the Plan under ERISA § 409(a), 29 U.S.C. § 1109(a) that were caused by its breaches of fiduciary duties as alleged in this Complaint.  In addition, Fifth Third and the Gallo ESOP are entitled to other equitable relief as appropriate.

### THIRD CLAM FOR RELIEF
**(Against Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC**
**<u>Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))</u>**

76.     Plaintiff incorporates the above allegations as if fully set forth herein.

77.     Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC and Defendant North Star Trust, on behalf of the Gallo ESOP, executed the SPA and Escrow Agreement with knowledge that $1,100,000 in ESOP Cash Assets would be diverted to an escrow fund for the benefit of persons or entities who are not Gallo ESOP participants or their beneficiaries.

78.     On August 29, 2008,  $1,100,000 in ESOP Cash Assets were in fact diverted to an escrow fund for the benefit of Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC, neither of which are Gallo ESOP plan participants or their beneficiaries.

79.     As a result, Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC, as a fiduciary or as a party in interest, knew or should have known that by executing the SPA and Escrow Agreement it caused the Gallo ESOP to engage in prohibited transactions under ERISA § 406(a)(1)(B), (D), 29 U.S.C. § 1106(a)(1)(B), (D), that constituted the lending of assets belonging to the Gallo ESOP, and/or a direct transfer of the ESOP Cash Assets, to KeyBank—a party in interest as defined under ERISA § 3(14), 29 U.S.C. § 1002(14).

80. Additionally, Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC aided and abetted Defendant North Star Trust in the breaches of its fiduciary duties to the Gallo ESOP as set forth under ERISA § 404(a)(1)(A)–(B), 29 U.S.C. § 1104(a)(1)(A)–(B) because Defendant North Star Trust entered into a prohibited transaction and failed to discharge its duties with respect to a plan solely in the interest of the participants and for the exclusive purpose of providing benefits to participants and their beneficiaries.

81. As a direct and proximate result of Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC's aiding and abetting Defendant North Star Trust's breaches of its fiduciary duties and its knowing participating in a prohibited transaction as a party in interest, Fifth Third seeks relief from this Court against Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) to "obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or terms of the plan."

## FOURTH CLAM FOR RELIEF
### (Against Defendant North Star Trust Under ERISA § 404(a)(1)(A)-(B), 29 U.S.C. § 1104(a)(1)(A)-(B) and ERISA § 406(a)(1)(B), (D), 29 U.S.C. § 1106(a)(1)(B), (D))

82. Plaintiff incorporates the above allegations as if fully set forth herein.

83. At all relevant times, as alleged above, Defendant North Star Trust was a fiduciary within the meaning of ERISA § 3(21)(A), § 29 U.S.C. § 1002(21)(A).

84. Defendant North Star Trust negotiated, consummated, and/or facilitated the purchase of Gallo Displays from the Gallo ESOP by executing the SPA and Escrow Agreement on behalf of the Gallo ESOP.

85. North Star Trust executed these agreements with knowledge that $1,100,000 in ESOP Cash Assets would be diverted to an escrow fund for the benefit of CW-Gallo, Inc.

86. On August 29, 2008, $1,100,000 in ESOP Cash Assets were in fact diverted to an escrow fund for the benefit of CW-Gallo, Inc.

87.     Once diverted to an escrow fund, these ESOP cash assets were no longer held in trust as required under ERISA § 403(a), 29 U.S.C. § 1103(a).

88.     As a result, North Star Trust breached its fiduciary duties to the Gallo ESOP as set forth under ERISA § 404(a)(1)(A)-(B), 29 U.S.C. § 1104(a)(1)(A)-(B) by failing to discharge its duties with respect to a plan solely in the interest of the participants and for the exclusive purpose of providing benefits to participants and their beneficiaries, and by failing to hold the assets of the plan in trust.

89.     Additionally, North Star Trust knew or should have known that executing the SPA and Escrow Agreement would cause the Gallo ESOP to engage in prohibited transactions under ERISA § 406(a)(1)(B), (D), 29 U.S.C. § 1106(a)(1)(B), (D), that constituted the lending of assets belonging to the Gallo ESOP, and/or a direct transfer of the ESOP Cash Assets, to KeyBank—a party in interest as defined under ERISA § 3(14), 29 U.S.C. § 1002(14).

90.     By causing the plan to engage in these prohibited transactions, North Star Trust also breached its fiduciary duties under ERISA § 404(a)(1)(A)-(B), 29 U.S.C. § 1104(a)(1)(A)-(B).

91.     As a direct and proximate result of Defendant North Star Trust's breaches of its fiduciary duties to the Gallo ESOP, Defendant North Star Trust is responsible for restoring any losses to the Plan under ERISA § 409(a), 29 U.S.C. § 1109(a) that were caused by its breaches of fiduciary duties as alleged in this Complaint, and to provide other equitable relief as appropriate.

### FIFTH CLAIM FOR RELIEF
**(Breach of Fiduciary Duty Against Defendant KeyBank Under ERISA § 404(a), 29 U.S.C. § 1104(a) for Holding Assets Belonging to the Gallo ESOP)**

92.     Plaintiff incorporates the above allegations as if fully set forth herein.

93.     As the Escrow Agent, KeyBank was a party to the Escrow Agreement that was executed between CW-Gallo, Inc. and North Star Trust.

94. Once CW-Gallo, Inc. deposited the $1,100,000 of the purchase price due and owing to the Gallo ESOP into the Escrow Account, KeyBank gained discretionary control over the ESOP Cash Assets of the Plan and thereby became a fiduciary of the ESOP Cash Assets, as defined under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)(i).

95. ERISA § 403(a), 29 U.S.C. § 1103(a) provides that "all assets of an employee benefit plan shall be held in trust by one or more trustees."

96. Under ERISA § 404(a), 29 U.S.C. § 1104(a) KeyBank, as a fiduciary of the Gallo ESOP, must discharge its duties with respect to a plan solely in the interest of the participants, and for the exclusive purpose of providing benefits to participants and their beneficiaries.

97. Moreover, Section 3(b) of the Escrow Agreement required KeyBank to return the remaining Indemnity Escrow Amount to the Gallo ESOP on the Escrow Account Disbursement Date, unless Defendant CW-Gallo, Inc. communicated written notice to KeyBank and the Gallo ESOP of "any unresolved claims for indemnification brought by Buyer pursuant to Article 10 of the Merger Agreement" prior to the Escrow Account Disbursement Date.

98. Upon information and belief, Defendant CW-Gallo, Inc. did not communicate written notice to KeyBank of any unresolved claim for indemnification prior to the Escrow Account Disbursement Date, as required by Section 3(b) of the Escrow Agreement.

99. Nevertheless, in violation of Section 3(b) of the Escrow Agreement, KeyBank failed to disburse the remaining Indemnity Escrow Amount on the Escrow Account Disbursement Date to the Gallo ESOP.

100. Because the ESOP Cash Assets are being held in breach of Section 3(b) of the Escrow Agreement and outside of a trust for the benefit of a fiduciary, CW-Gallo, Inc., in

violation of ERISA § 403(a) and ERISA § 406(b), KeyBank is in breach of its fiduciary duties to the Gallo ESOP under ERISA § 404(a), 29 U.S.C. § 1104(a).

101.    As a direct and proximate result of Defendant KeyBank's breach of its fiduciary duties to the Gallo ESOP, Defendant KeyBank is responsible for restoring any losses to the Plan under ERISA § 409(a), 29 U.S.C. § 1109(a) that were caused by its breach of fiduciary duties as alleged in this Complaint, and to provide other equitable relief as appropriate.

102.    Furthermore, under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) this Court may "enjoin any act or practice which violates any provision of this title or terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or terms of the plan."

103.    Therefore, Fifth Third requests that this Court order KeyBank to release the ESOP Cash Assets to the Gallo ESOP in accordance with Section 3(b) of the Escrow Agreement, and in accordance with KeyBank's duties as a fiduciary of the Gallo ESOP's assets.

### SIXTH CLAIM FOR RELIEF
#### (For Declaratory Relief Under the Federal Declaratory Judgment Act 28 U.S.C. §§ 2201(a), 2202)

104.    Plaintiff incorporates the above allegations as if fully set forth herein.

105.    As alleged above, when Defendant CW-Gallo, Inc. acquired Gallo Displays, it became a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

106.    On February 5, 2010, Defendant CW-Gallo, Inc., through Defendant CW-Gallo, LLC, sought indemnification from the Gallo ESOP as described more fully above.

107.    Under the Escrow Agreement, Defendant KeyBank can release the Gallo ESOP's assets to Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC without determining the accuracy of the allegations asserted in the Notice.  Escrow Agreement, 5(c).

108.    The ESOP Cash Assets, however, should not be released to Defendant CW-Gallo, Inc., or Defendant CW-Gallo, LLC for the following reasons:  (1) the entity CW-Gallo, LLC is not a party to the Escrow Agreement, which does not contain an assignment provision, and therefore CW Gallo, LLC is not entitled to the Indemnity Escrow Amount; and (2) releasing the Gallo ESOP's assets to Defendant CW-Gallo, LLC, for the benefit of Defendant CW-Gallo, Inc., an ERISA fiduciary, is a prohibited transaction under ERISA § 406, 29 U.S.C. § 1106.

109.    Furthermore, pursuant to ERISA § 410(a), 29 U.S.C. § 1110(a), "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part [29 USCS §§ 1101 et seq.] shall be void as against public policy."

110.    The indemnification provisions found in Section 8.1 of the SPA and Sections 5(b), and 5(i) of the Escrow Agreement, seek to relieve Defendant CW-Gallo, Inc. from its duties of loyalty under ERISA § 404(a)(1), 29 U.S.C. § 404(a)(1) as a fiduciary of the Gallo ESOP. Therefore, such provisions are void as against public policy under ERISA § 410(a), 29 U.S.C. § 1110(a).

111.    As a result, assets belonging to the Gallo ESOP are in jeopardy of being improperly disbursed to a fiduciary of the Gallo ESOP in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), and ERISA § 410(a), 29 U.S.C. § 1110(a).

112.    Alternatively, Section 3(b) of the Escrow Agreement required KeyBank to return the remaining Indemnity Escrow Amount to the Gallo ESOP on the Escrow Account Disbursement Date, unless Defendant CW-Gallo, Inc. communicated written notice to KeyBank and the Gallow ESOP of "any unresolved claims for indemnification brought by Buyer pursuant to Article 10 of the Merger Agreement" prior to the Escrow Account Disbursement Date.  Upon

information and belief, Defendant CW-Gallo, Inc. did not communicate written notice to KeyBank of any unresolved claim for indemnification prior to the Escrow Account Disbursement Date, as required by Section 3(b) of the Escrow Agreement.  KeyBank failed to disburse the remaining Indemnity Escrow Amount on the Escrow Account Disbursement Date, in violation of Section 3(b) of the Escrow Agreement.  In accordance with Section 3(b) of the Escrow Agreement, KeyBank must immediately release the remaining Indemnity Escrow Amount to the Gallo ESOP.

113.    Because a real and justiciable controversy exists between the litigants within this Court's jurisdiction, Plaintiff Fifth Third, as trustee of the Gallo ESOP, seeks a declaration of the rights of the Gallo ESOP to the ESOP Cash Assets.

114.    By holding assets belonging to the Gallo ESOP, Defendant KeyBank will be in further breach of its fiduciary duties if it releases these assets to Defendant CW-Gallo, Inc.

115.    Therefore, pursuant to this Court's powers under 28 U.S.C. §§ 2201(a), 2202, Fifth Third asks this Court to declare each parties' rights to the ESOP Cash Assets.

### SEVENTH CLAIM FOR RELIEF
### (Attorneys Fees & Costs Pursuant to 29 U.S.C. § 1132(g)(1))

116.    Plaintiff incorporates the above allegations as if fully set forth herein.

117.    Plaintiff Fifth Third is an independent discretionary trustee of the Gallo ESOP. Pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), Fifth Third is a fiduciary of the Gallo ESOP.

118.    29 U.S.C. § 1132(g) provides:  "In any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

119.    In accordance with its duties under ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3), Fifth Third is making reasonable efforts to remedy the breaches of co-fiduciaries and former fiduciaries of the Gallo ESOP.

120.    As a result, Fifth Third is entitled to its reasonable attorneys fees and costs of prosecuting this action against the Defendants.

WHEREFORE, Plaintiff Fifth Third requests that judgment be entered in its favor, and that it be awarded the following relief under all or any of the Claims for Relief asserted in this Complaint:

(a)    An Order finding that Defendant CW-Gallo, Inc. breached its fiduciary duties to the Gallo ESOP, and enjoining CW-Gallo, Inc. from any further violations of its fiduciary obligations to the Gallo ESOP;

(b)    An Order finding that the predecessor trustee, North Star Trust, breached its fiduciary duties to the Gallo ESOP;

(c)    An Order enjoining Defendant CW-Gallo, Inc. and/or CW-Gallo, LLC, and/or any purported assignee from obtaining any funds from the Escrow Account;

(d)    An Order instructing KeyBank to release the funds held in the Escrow Account to the Gallo ESOP;

(e)    An Order finding that the indemnification provisions of the SPA and Escrow Agreement violate ERISA §410(a), 29 U.S.C. § 1110(a) and are therefore void as against public policy;

(f)    The creation of a constructive trust on any amounts that the Defendants unjustly received at the expense of the Gallo ESOP as a result of the fiduciary breaches;

(g)    An Order pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a), that each of the Defendants found to be in breach of its fiduciary duties "make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary"; and

(h)    An Order awarding attorneys fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

Respectfully submitted,


/s/ Michael L. Scheier
Michael L. Scheier  (0055512)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com

*Attorney for Plaintiff,*
*Fifth Third Bank*

OF COUNSEL:
Stephen M. Goodson
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400


## INSTRUCTIONS TO THE CLERK

Please serve Defendants via certified mail, returnable according to law.


/s/ Michael L. Scheier
Michael L. Scheier

- 27 -

3366507.9